UNITED STATES DISTRICT COURT

for the

Western District of Louisiana

Alexandria Division

| | | |
|---|---|---|
| CITY BANK & TRUST COMPANY | ) | Case No.   1:22-cv-1204 |
| | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| THE UNITED STATES SOCIAL | ) | |
| SECURITY ADMINISTRATION | ) | |
| | ) | |

**COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF**

**1.**

The plaintiff in this Complaint is City Bank & Trust Company ("City Bank"), a Louisiana banking corporation whose address is 146 Saint Denis Street, Natchitoches, Louisiana 71457, herein appearing herein through its undersigned counsel.

**2.**

Made Defendants in this Complaint are:

A.   The United States of America which can be served by certified mail through the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-00011 and the United States Attorney for the Western District of Louisiana, Attn: Civil Process Clerk, 300 Fannin Street, Suite 3201, Shreveport, Louisiana; and

B. The United States Social Security Administration which can be served by certified mail through the Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC 20530-00011 and the United States Attorney for the Western District of Louisiana, Attn: Civil Process Clerk, 300 Fannin Street, Suite 3201, Shreveport, Louisiana.

**3.**

City Bank brings this interpleader action under Federal Rule of Civil Procedure 22.

**4.**

Jurisdiction is proper because the action arises under a federal statute, a federal treaty, and/or a provision of the United State Constitution, particularly 40 U.S.C. § 402(x), 20 CFR 404.468 and 28 U.S.C. § 3205(b)(1).

**5.**

Venue is proper under 28 U.S.C. § 1391 because a substantial part of the property that is the subject of this complaint for interpleader is situated in Natchitoches Parish, Louisiana, which is located in this court's judicial district.

**6.**

The property that is the subject of this interpleader action is $22,464.57 as of January 5, 2022, with per diem interest thereafter at the rate of $013 per day.

**7.**

There is doubt as to which defendant is entitled to the property subject to the interpleader action, and City Bank cannot determine which claim(s) is/are valid without exposing itself to potential double litigation. Particularly, the funds in the hands of City Bank were deposited in the Bank for the benefit of Dillon J. Merritt during a time period during which, on information and belief, Mr. Merritt was incarcerated and, therefore, would not have been entitled to the funds

pursuant to 42 U.S.C. 402(x) and 20 CFR 404.468, and said funds may be subject to reclamation by the United States Social Security Administration. Subsequent to said deposits, City Bank received a garnishment pursuant to 28 U.S.C. § 3205(b)(1) in the case styled *United States of America v. Dillon J. Merritt, Case No. 5:20-CR-00218-1, United States District Court, Western District of Louisiana, Shreveport Division*.

WHEREFORE, City Bank prays:

A.  City Bank be allowed to deposit the funds into the Registry of the Court and attaches a proposal order allowing said deposit;

B.  Each defendant be restrained from instituting any action against the plaintiff for recovery of the property or any part of it;

C.  The defendants be required to interplead and settle among themselves their rights to the property and that the plaintiff be discharged from all liability;

D.  City Bank recover costs and reasonable attorney's fees; and

E.  The court grant any further relief as may be just and proper under the circumstances of this case.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

    Signed in Natchitoches, Louisiana, this 4th day of May, 2022.

               Respectfully submitted,

                /s/ Mark A. Begnaud
                Mark A. Begnaud
                Bar Roll No. 22197
                McCoy Roberts & Begnaud, Ltd.
                (A Law Corporation)
                300 Saint Denis Street
                Natchitoches, LA  71457
                Telephone Number: 318-352-6495
                Email Address: mbegnaud@mrbfirm.com